George J. MONTANO, Anthony D. Cerrone, Howard Moore, Ida Cirillo, Joseph A. Ferraiolo, Joseph V. Amatruda, Morton J. Dimenstein, Plaintiffs,

v.

Richard C. LEE, Joseph A. Gianelli, Board of Aldermen of the City of New Haven, Defendants.

Civ. A. No. 11238.

United States District Court
D. Connecticut.
March 24, 1966.

See also D.C., 298 F.Supp. 865.

Robert I. Berdon, New Haven, Conn., for plaintiffs.

Thomas F. Keyes, Jr., New Haven, Conn., for defendants.

MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANTS' MOTION FOR STAY OF PROCEEDINGS

CLARIE, District Judge.

The plaintiffs are residents and qualified voters of the City of New Haven, Connecticut. The defendants are the Mayor, Town Clerk, and the Board of Aldermen of New Haven, all sued in their official capacities. This Court's jurisdiction rests on 28 U.S.C.A. §§ 1343(3) and 1343(4) and 42 U.S.C.A. §§ 1983 and 1988. The matter is presently before the Court on plaintiffs' motion for summary judgment and defendants' cross-motion for a stay of proceedings.

The legislative body of said City is composed of a board of thirty-three (33) aldermen, each representing one territorial subdivision or ward and elected by the inhabitants thereof. The official 1960 population census figures indicate at present, that on an overall basis, one alderman represents an average of 4,-535 residents. However, because the populations of the respective wards are not uniform, some aldermen represent substantially more, and others much fewer, than that number.

The plaintiffs contend that the disproportion among the voting districts effects a debasement and dilution of the votes of the residents of the more populace districts, and as such constitutes a discrimination offensive to the fourteenth amendment to the United States Constitution. They now seek a declaratory judgment, to the effect that the requirement of equal representation as set forth in Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964)

and companion cases, is applicable to the political subdivisions of a state and more specifically to the City of New Haven Board of Aldermen. Defendants' counsel concedes, that as presently constituted, the Board of Aldermen is not now apportioned in conformity with the aforesaid rule.[1]

In the profusion of cases inundating the courts since the Supreme Court decision in Baker v. Carr, 369 U. S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962) there have been few concerned with whether the principles set forth therein are applicable to subdivisions of a state. However, admitted allegations of substantial impairment to a citizen's right to vote by virtue of a diminution of that vote through disproportionate representation[2] presents a justiciable controversy as real, when directed to a municipal election, as when addressed to a state-wide election. The gravamen of the complaint in each instance is deprivation of a federally protected right with respect to the integrity of a person's vote.

The application of the law set forth in Reynolds v. Sims, *supra,* as applied to legislative bodies of municipalities such as the Board of Aldermen, is not only logical but manifesting and compelling. Ellis v. Mayor and City Council of Baltimore, 234 F.Supp. 945 (D.Md.1964) aff'd 352 F.2d 123 (4th Cir.1965). See also, Bianchi v. Griffing, 238 F.Supp. 997 (E.D.N.Y.1965).

Taking into consideration defendants' counsel's oral admissions at the hearing in behalf of his clients, and the defendants' Admissions of Fact as filed on the record,[3] this Court finds as a fact that the present construction of New Haven's aldermanic voting districts is unconstitutionally apportioned. The Court holds as a matter of law that the Equal Protection Clause of the fourteenth amendment requires that the voting districts of a municipality be apportioned in such manner as to assure substantial equality of population in each such district. This shall be corrected in the City of New Haven, so as to become effective prior to the holding of the next municipal election.

The defendants have moved for a stay of further proceedings in the matter, in order to allow time for a Charter Revision Committee, recently appointed,[4] to complete its assigned task of redistricting in a manner consistent with the Court's ruling. The United States Supreme Court has indicated "that legislative reapportionment [at the state level] is primarily a matter for legislative consideration and determination." Reynolds v. Sims, *supra,* 377 U.S. at 586, 84 S.Ct. at 1394. A court should not lightly intrude upon functions which are appropriately within the assigned powers of a legislature, unless the legislature fails to comply with constitutional requirements after being given an opportunity to do so. Faced with a similar situation in Butterworth v. Dempsey, 229 F.Supp. 754 (D.Conn.1964), the Court said:

"* * * (I)f the General Assembly gives evidence satisfactory to this Court of its intention to act to bring the representation in both houses

---

1. At the hearing, in response to a question from the Court, defendants' counsel stated:

    "* * * I do concede that insofar as the present ward structure of New Haven is concerned, the one man, one vote proposition is not followed by those ward structures.

    "* * * But, I do agree as of 1960 census, and the 1965 ward voting lists, the one man, one vote theory is not followed."

2. Plaintiffs' Request for Admission of Facts, Statement of Facts, Item 4.

3. Defendants' Response to Request for Admission of Facts.

4. Defendants' Motion for Stay of Proceedings substantiated by hearing transcript.

within federal constitutional dimensions, we shall gladly stay further proceedings in this Court to give the legislature a reasonable opportunity to perform the duty which is rightly that of the legislature to perform." *Ibid* at 765.

The foregoing restraint represents a proper sensitivity and respect for the delicate relationship between the functions of the judiciary and the legislative branch of state and municipal governments in this area of the law. The Supreme Court has indicated that there is no patent remedy in reapportionment suits; the decision is left to the discretion of the trial court, to be fashioned according to the circumstances of each case. Reynolds v. Sims, *supra*, 377 U.S. at 585, 84 S.Ct. 1362. In those cases where there was no legislative election imminent, the Court announced its decision but permitted the legislature to effect proper reapportionment at any time prior to the next election. See Maryland Committee for Fair Representation v. Tawes, 377 U.S. 656, 84 S.Ct. 1429, 12 L.Ed.2d 595 (1964).

Plaintiffs' motion for summary judgment is granted in part; this Court finds the rights of the plaintiffs secured to them by the fourteenth amendment to the Constitution of the United States are being impaired by the present methods of legislative apportionment for the City of New Haven.

Inasmuch as these defendants have already recognized and undertaken to correct this inequity, this Court will stay further proceedings in the case so that the defendants may be accorded a fair and reasonable opportunity to redistrict the wards of the City of New Haven according to the provisions of the Connecticut General Statutes and the Federal Constitution of the United States. This stay order shall expire June 1, 1966, at which time the parties shall report to the Court on the progress of conformance.

So ordered.